UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAC-MARIAN ANIBRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.  1:22-cv-728 |
| | ) |
| AMERISOURCEBERGEN DRUG CORP., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an employment discrimination action brought by Plaintiff Mac-Marian Anibra ("Anibra" and/or "Plaintiff"), against Defendant AmerisourceBergen Drug Corp. ("Amerisource" and/or "Defendant""), for unlawfully discriminating against her on the basis of race (Black) and National Origin (Ghanian), in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, as amended; for discrimination on the bases of race (Black) and color (Black) in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981a; and for violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, as amended. Anibra also sues Amerisource for wrongful termination under Indiana common law.

**II. PARTIES**

2. Anibra is a citizen of the United States and at all time relevant to this lawsuit resided within the geographic boundaries of the Southern District of Indiana.

3. Amerisource is a Delaware corporation, which at all times relevant to this action, has maintained facilities and conducted business within the geographic boundaries of the Southern District of Indiana.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §12117.  This Court has jurisdiction over Anibra's state common law claims pursuant to 28 U.S.C. § 1367.

5. Amerisource is an "employer" as that term is defined in 42 U.S.C. § 2000e(b), and in 42 U.S.C. § 12111(5)(A).

6. Anibra is an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and as defined by Title VII, 42 U.S.C. §2000e(f).

7. Anibra satisfied the obligation to exhaust administrative remedies, having timely filed a charge of discrimination, alleging discrimination on the bases of race, national origin, and disability, with the Equal Employment Opportunity Commission, received the appropriate Notice of Right to Sue, and by commencing this action within ninety days of the receipt thereof.

8. All events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, and thus venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Anibra is a Black, Ghanian-born U. S. citizen, who began working for Amerisource as a senior warehouse associate since November 3, 2019.

10. Anibra's job frequently required her to move heavy boxes.

11. On or about February 13, 2020, Anibra collapsed while she was working.

12. Anibra received treatment from her doctor, who then placed Anibra on light duty restrictions.

13. Anibra provided the light duty restriction to her supervisor, Reinhart Zackrie ("Zackrie"), who forwarded thed document to Receiving Department Manager Christopher Lydahl

("Lydahl").

14. Zackrie then informed Anibra that she would be terminated if she insisted on implementing the doctor's light duty restriction, forcing Anibra to continue working at the same job.

15. Anibra is aware of a number of White employees, and/or employees not of Ghanian origin who have been assigned light duty when injured on the job.

16. Shortly after Lydahl's refusal to place her on light duty, while she was again hauling heavy boxes, Anibra was injured when she was bruised by the trash compactor.

17. Anibra was then injured a third time, where a nail punctured her foot.

18. Anibra's co-workers called both Lydahl and Zackrie to the scene, where Anibra was bleeing heavily from the wound to her foot.

19. Shortly thereafter, on April 6, 2020, Anibra was terminated.

## V. CAUSES OF ACTION

### A. Federal Causes of Action

**Count One: Disparate Treatment in Violation of Title VII**

20. Anibra incorporates the factual allegations in each of the preceding paragraphs as though fully set forth herein.

21. Amerisource discriminated against Anibra by refusing to assign Anibra to light duty under conditions similar to which White, and/or non-Ghanian born employees were given light duty, and ultimately, by terminating Anibra when she suffered an on-the job injury, when White, and/or non-Ghanian born employees who similarly suffered injuries were *not* terminated.

22. Amerisource's actions violated Anibra's right to be free from discrimination on the basis of race and/or national origin as protected by Title VII.

23. Amerisource's actions were intentional, reckless, and/or taken with reckless disregard

to Anibra's clearly established civil rights as protected by Title VII.

24. As a direct and proximate result of Amerisource's unlawful and discriminatory actions, Anibra suffered, and continues to suffer, harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to her personal and professional reputation.

### Count Two: Disparate Treatment in Violation of 24 U.S.C. § 1981

25. Anibra incorporates the factual allegations in each of the preceding paragraphs as though fully set forth herein.

26. The employment relationship between Anibra and Amerisource was contractual in nature.

27. Amerisource's actions denied Anibra the same rights to make and enforce contracts as that afforded to White employees, and therefore violated § 1981.

28. Amerisource's actions were intentional, reckless, and/or taken with reckless disregard of Anibra's clearly established civil rights, as protected by § 1981.

29. As a direct and proximate result of Amerisource's unlawful and discriminatory actions, Anibra suffered, and continues to suffer, harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to her personal and professional reputation, as a result of Amerisource's unlawful acts.

### Count Three: ADA Violations

30. Anibra incorporates the factual allegations in each of the preceding paragraphs as though fully set forth herein.

31. As a result of her on-the job injuries, Anibra was disabled and/or was regarded by Amerisource as disabled, as that term is defined by the Americans With Disabilities Act.

32. Amerisource discriminated against Anibra on the basis of disability by refusing to place Anibra on light duty, as instructed by her doctor, thereby denying Anibra a reasonable accommodation for her disability, and/or refusing to engage in an interactive process to identify a reasonable accommodation.

33. Amerisource further discriminated against Anibra on the basis of disability by issuing her unwarranted discipline, and ultimately terminating her because of her disability, and/or because it regarded her as having a disability, and/or because she requested reasonable accommodations for her disability.

34. Amerisource discriminated still further against Anibra by subjecting her to terms and conditions of employment that are less favorable than those enjoyed by similarly-situated employees who do not have disabilities, whom it does not regard as having disabilities and/or who have not requested reasonable accommodation for a disability.

35. Amerisource's actions violate the ADA, 42 U.S.C. §12101 *et. seq*., as amended.

36. Amerisource's unlawful actions were willful, intentional, and done with reckless disregard for 's federally protected civil rights.

37. As a direct and proximate result of Amerisource's unlawful and discriminatory actions, Anibra suffered, and continues to suffer, harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to her personal and professional reputation, as a result of Amerisource's unlawful acts.

**Count Four: Hostile Work Environment**

38. Anibra incorporates the factual allegations in each of the preceding paragraphs as though fully set forth herein.

39. Amerisource's actions subjected Anibra to race-, color-, national origin-, and/or

disability-based harassment that was so severe or pervasive that it created a work environment that a reasonable person would consider intimidating, hostile, or abusive.

40. Amerisource's actions violated both Title VII, § 1981, and the ADA.

41. Amerisource's actions were intentional, reckless, and/or taken with reckless disregard for Anibra's clearly established civil rights.

42. As a direct and proximate result of Amerisource's unlawful and discriminatory actions, Anibra suffered, and continues to suffer, harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to her personal and professional reputation, as a result of Amerisource's unlawful acts.

### B. State Law Cause of Action

### Count Five: Wrongful Termination

43. Anibra incorporates the factual allegations in each of the preceding paragraphs as though fully set forth herein.

44. Amerisource terminated Anibra to prevent her from exercising her statutory right to file a workers' compensation claim for her work-related injuries.

45. Amerisource's actions constitute wrongful termination under Indiana common law.

46. Amerisource's unlawful actions were done intentionally, willfully, and/or with reckless disregard for Anibra's statutory rights.

47. As a direct and proximate result of Amerisource's unlawful actions, Anibra suffered, and continues to suffer, damages, including but not limited to: loss of employment, income, and benefits; stress, anxiety, and emotional distress; and attorney fees.

### VI. RELIEF

WHEREFORE, Anibra respectfully prays that the Court find in her favor on all counts, and

provide the following relief:

48. Order Amerisource to reinstate Anibra to the position she would have held absent Amerisource's unlawful and discriminatory actions, or pay her front pay in lieu thereof;

49. Order Amerisource to pay Anibra's lost wages and benefits incurred as a result of its unlawful and discriminatory actions;

50. Order Amerisource to pay Anibra compensatory damages, in an amount sufficient to make her whole from Amerisource's unlawful and discriminatory actions;

51. Order Amerisource to pay Anibra punitive damages, in an amount sufficient to deter Amerisource from future, similar, unlawful and discriminatory conduct;

52. Order Amerisource to pay Anibra pre- and post-judgment interest on all sums recoverable;

53. Order Amerisource to pay Anibra's reasonable attorney fees and costs of litigating this matter; and

54. Order Amerisource to provide Anibra with all other relief that is just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Mac-Marian Anibra, by counsel, requests a trial by jury on all issues so triable.

Respectfully submitted,

  *s/ Jay Meisenhelder*
Jay Meisenhelder, Atty. No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:     317/231-5193
Direct Telephone:     317/899-9220
Facsimile Number:    317/982-5463
Email Address:        jaym@ecrls.com